Battle, J.
 

 "We are unable to perceive any sufficient reason why the testimony, offered and rejected in the present case, was not as competent as that which was decided to be admissible in the cases of
 
 Askew
 
 v. Reynolds, 1 Dev. and Bat. Rep. 307, and
 
 Foster
 
 v.
 
 Woodfin,
 
 11 Ired. Rep. 339. The case states that after the purchase of the slave by Elliott, he permitted him to remain with Moore, the former owner, who was his son-in-law, and that after the conveyance by Elliott to the plaintiff as trustee for Moore’s wife, the slave remained still in the pos-sesrion of Moore and wife, except when he was occasionally at Elliott’s. It is certain, then that, the slave was never out of the possession of his former owner, and it was while he was thus in the possession of Moore, that the declarations by which he claimed the slave as his own, were made. The principle of the decision, in the cases to which we have referred, is that the declarations of a party in possession are admissible, to prove the character of the possession, as, whether he holds it for himself or for another, and in that view it is com
 
 *384
 
 petent, after a conveyance by the former owner, if lie be permitted still to retain the possession. Here, we presume, the testimony was rejected because the possession might be supposed to be that of the wife, for whose separate use the slave had been conveyed to the plaintiff, as a trustee. But the difficulty is that it does not appear that Moore’s possession had ever been changed, and the contrary is to be inferred from the expression in the case that it remained after the conveyance, as before. Our opinion is, that the testimony ought to have been received by. the Court, and submitted to the jury. The jury were not bound to believe it, or to infer from it that the title to the slave had not passed by the conveyance to the plaintiff; but upon the question of imputed fraud, they had a right to hear and consider it, and to give it whatever effect they might think it fairly entitled to.
 

 The judgment must be reversed, and a
 
 venire de novo
 
 granted.
 

 Pee CueiaM. Judgment reversed.